IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| KEVIN VETSCH and<br>BRENDA K. VETSCH, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| V. | ) | Case No. |
| | ) | |
| CITY OF KANSAS CITY, MISSOURI<br>Serve:<br>Mayor Quentin Lucas<br>29th Floor, City Hall<br>414 East 12th Street<br>Kansas City, Missouri 64106 | )<br>)<br>)<br>)<br>)<br>)<br>) | JURY TRIAL DEMANDED |
| and | )<br>) | |
| Sgt. Robbie McLaughlin (R#410)<br>Serve at:<br>Kansas City Police Department<br>1125 Locust Street<br>Kansas City, Missouri 64106 | )<br>)<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| Officer Evans (R#423)<br>Serve at:<br>Kansas City Police Department<br>1125 Locust Street<br>Kansas City, Missouri 64106 | )<br>)<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| Detective Slatton<br>Serve at:<br>Kansas City Police Department<br>1125 Locust Street<br>Kansas City, Missouri 64106 | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**COMPLAINT**

COME NOW Plaintiffs Kevin Vetsch and Brenda K. Vetsch and for their

Complaint against the Defendants who are sued in their individual and official capacities

states the following:

## INTRODUCTION

1. Plaintiffs Kevin Vetsch and Brenda K. Vetsch seek judgment against Defendants for violation of Mr. Vetsch's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §§ 1983 and 1988; violation of Mr. Vetsch's rights under the Missouri Constitution; and Missouri's negligence law. Plaintiffs also seek judgment against Defendant City of Kansas City, Missouri for implicitly or explicitly adopting and implementing policies, customs, or practices that included, among other things, allowing officers with no or inadequate training to assess the conditions, including right to be free from the use of excessive force; and for its unconstitutional policies, customs and/or practices. These policies, customs, or practices and/or failure to have the same reflected a deliberate indifference to Mr. Vetsch.

## JURISDICTION AND VENUE

2. This action is brought, in part, pursuant to 42 U.S.C. § 1983 for the deprivation of civil rights; jurisdiction is therefore appropriate under 28 U.S.C. §§ 1331 and 1343.

3. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. The claims asserted herein arose in the Western District of Missouri, Clay County, City of Kansas City and venue is therefore proper in this Court.

## PARTIES

5. Plaintiffs Kevin Vetsch and Brenda K. Vetsch are residents of the State of Missouri and were at all times relevant herein a resident and citizen of Kansas City in Clay County, Missouri.

6. Defendant City of Kansas City, Missouri ("City") is a political subdivision of the State of Missouri and operates the Police Department, located in Kansas City, Jackson County, Missouri. It may be served through Mayor Quentin Lucas at 29th Floor, City Hall, 414 East 12th Street, Kansas City, Missouri 64106.

7. Defendant City is the political subdivision of the State of Missouri that is responsible for the injuries and damages suffered by Plaintiffs, which was caused by the intentional acts and/or failures to act of the duly appointed officers of the City, who were acting by virtue of or under color of the office at the time, as well as the negligent acts and/or omissions of each and every other Defendant, who were employees and/or agents of said city, and were acting within their scope of employment.

8. At all times relevant hereto, upon information and belief, Defendant Sgt. Robbie McLaughlin (R#410) was a citizen and resident of Jackson County, Missouri and was acting in his capacity as a Police Officer, employed by City and acting under the color of State law at the time of Mr. Vetsch's arrest. He is hereby sued in his individual capacity. He may be served at this place of employment located at the Kansas City Police Department, 1125 Locust Street, Kansas City, Missouri 64106.

9. At all times relevant hereto, upon information and belief, Defendant Officer Evans (R#423) was a citizen and resident of Jackson County, Missouri and was acting in his capacity as a Police Officer, employed by City and acting under the color of State law at the time of Mr. Vetsch's arrest. He is hereby sued in his individual capacity. He may be served at this place of employment located at the Kansas City Police Department, 1125 Locust Street, Kansas City, Missouri 64106.

10. At all times relevant hereto, upon information and belief, Defendant Detective

Slatton was a citizen and resident of Jackson County, Missouri and was acting in his capacity as a Police Officer, employed by City and acting under the color of State law at the time of Mr. Vetsch's arrest. He is hereby sued in his individual capacity. He may be served at this place of employment located at the Kansas City Police Department, 1125 Locust Street, Kansas City, Missouri 64106.

11. Defendant City has established and/or delegated to its employees of the Police Department the responsibility of establishing and implementing policies, practices, procedures and customs in providing the detention, medical care, medical screening, safety screenings and appropriate monitoring of individuals similarly situated as Mr. Vetsch; and for implementing policies, practices, procedures, and/or customs for training other officers in these matters.

12. All negligent and/or intentional acts and/or omissions which caused the injuries and damages suffered by Plaintiffs occurred while Mr. Vetsch was in the custody of Defendants in Kansas City, Clay County, Missouri.

13. All negligent and/or intentional acts and/or omissions which caused the injuries and damages suffered by Plaintiffs occurred while Mr. Vetsch was detained by the Defendants in Kansas City, Clay County, Missouri.

14. These causes of action arose under the 4th and 14th Amendments of the U.S. Constitution and 42 USC §§ 1983 and 1988, under the Constitution of the State of Missouri and under Missouri common law for negligence.

15. Each of the intentional and/or negligent acts and/or omissions complained of herein which caused the injuries and damages suffered by Plaintiffs occurred on or about April 1, 2022, while Mr. Vetsch was in the care, custody and control of Defendants.

## FACTS

16. On or about April 1, 2022, at approximately 1918 hours, Defendants Evans and McLaughlan were dispatched to 7941 N. Liberty Street regarding Plaintiffs who were allegedly outside yelling at one another.

17. Plaintiffs resided in the same residence located in Kansas City, Clay County, Missouri.

18. Defendant Evans made contact with the reporting party and discovered that no disturbance was currently taking place.

19. Defendant Slatton was contacted in regard to this incident and confirmed that Mr. Vetsch could be arrested for the warrant applications.

20. Defendants Evans and McLaughlin made contact with Mrs. Vetsch who had to wake Mr. Vetsch up inside their home and ask him to come to the front door.

21. Defendants Evans and McLaughlan made contact with Mr. Vetsch while he stood inside his home at the front door and appearing to be intoxicated.

22. Defendants Evans and McLaughlan also believed Mrs. Vetsch to be intoxicated.

23. Defendants Evans and/or McLaughlan then put a hand on Mr. Vetsch's shoulder pulling him out of his home and onto the front porch area of his home.

24. The handcuffs were then put on Mr. Vetsch, who had no shoes on his feet, in an unlocked position, while he sat on the porch.

25. Mr. Vetsch was escorted to Defendants' police vehicles by Defendants Evans and McLaughlan across the street.

26. Mr. Vetsch questioned Defendants Evans and McLaughlan about the warrant applications and reason for his arrest.

27. Plaintiffs asked about why Mr. Vetsch was being arrested and Defendant

5
Case 4:25-cv-00052-LMC    Document 1    Filed 01/24/25    Page 5 of 15

McLaughlan told them on the warrant applications.

28. Mr. Vetsch told Defendants Evans and McLaughlan that he had a letter from the court regarding the warrant applications and asked Mrs. Vetsch to produce it to the officers.

29. While waiting for Mrs. Vetsch and handcuffed in the care, custody and control of Defendants Evans and McLaughlan, Mr. Vetsch was dropped on the street curb which forced the unlocked handcuffs to tighten severely around his wrists seriously injuring him.

30. Defendant McLaughlan then loosened the left handcuff around Mr. Vetsch's wrist.

31. After providing Defendants Evans and McLaughlan with the court papers, Mr. Vetsch was released.

32. Defendants Evans, McLaughlan and Slatton, individually and in concert with others intentionally, willfully, maliciously, and while acting under the color of State law showed a deliberate indifference to Plaintiffs by improperly arresting and handcuffing Mr. Vetsch causing them to sustain injuries while in their care, custody and control.

33. Defendants Evans, McLaughlan and Slatton, individually and in concert with others through the policies and procedures instituted by Defendant City fostered an environment which led to the deliberate indifference of Mr. Vetsch in contravention of his civil rights.

34. Defendant City was negligent in its supervision of Defendants Evans, McLaughlan and Slatton and the employees and/or officers therein.

35. Each of the Defendants, individually and in concert with one another, acted under the color of State law in both individual and official capacities to deprive Mr.

Vetsch of his rights secured to Plaintiff by the 4th and 14th Amendments to the Constitution of the United States and by 42 U.S.C. §1983.

36. As a direct and proximate result of the actions of all Defendants described above, Plaintiffs have damages and suffered injuries while in the Defendants' care, custody and control.

37. All of the aforementioned actions demonstrate that Defendants' actions were reckless and/or callously indifferent to Mr. Vetsch's rights so as to justify consideration by the trier of fact of aggravating circumstances in determining the amount of damages to be allowed.

38. Plaintiffs are entitled to compensation for violations of constitutional rights that all Defendants inflicted upon Mr. Vetsch, including but not limited to all damages suffered during the excessive force used during his unlawful arrest causing Plaintiffs injuries; pain and suffering; lost wages; lost earning capacity; medical expenses and future medical expenses; attorney's fees; and punitive damages.

**COUNT 1:**
**Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983**
**Against Defendants Evans, McLaughlan and Slatton**

39. Plaintiffs hereby incorporate by reference the allegations made in each preceding paragraphs as if each were set forth herein.

40. The Fourth Amendment prohibits the use of excessive force in circumstances which do not pose an immediate threat of serious bodily injury and/or death.

41. The conduct of Defendants Evans and McLaughlan as identified in this count and described herein constituted excessive force in an unlawful arrest in violation of the Fourth Amendment of the United States Constitution and clearly established law.

42. At all relevant times, Defendants Evans, McLaughlan and Slatton were acting under

7

color of state law, as an agent of Defendant City, and within the scope of their employment and authority as duly-certified law enforcement officer of the City.

43. At all relevant times, Defendants Evans, McLaughlan and Slatton were acting in their capacity as Police Officers and directly participated in violating Mr. Vetsch's federal rights. Defendants Evans, McLaughlan and Slatton were therefore liable in both their individual and supervisory capacities.

44. At all relevant times while Mr. Vetsch was unlawfully detained and handcuffed, Defendant Defendants Evans and McLaughlan did not have a reasonable fear of imminent bodily harm, nor did Defendants Evans, McLaughlan and Slatton have a reasonable belief that any other person was in danger of imminent bodily danger from Plaintiffs.

45. Defendants Evans and McLaughlan's unlawful use of excessive force in handcuffing Mr. Vetsch was objectively unreasonable and violated clearly established law.

46. As a result of Defendants Evans and McLaughlan's unjustified, excessive, and illegal use of force, Plaintiffs experienced conscious pain and suffering and injuries.

47. In committing the acts complained of herein, Defendants Evans, McLaughlan and Slatton acted under color of State law to show deliberate indifference to Mr. Vetsch by his unlawful arrest, use of excessive force and in deprivation of Mr. Vetsch's rights under the Due Process Clause of the 14th Amendment of the United States Constitution.

48. As a direct and proximate result of the violation of Mr. Vetsch's constitutional rights by the Defendants Evans, McLaughlan and Slatton, Plaintiffs suffered general and special damages as alleged in the Complaint and are herein entitled to relief under 42. U.S.C. § 1983.

49. The conduct of the Defendants Evans, McLaughlan and Slatton was willful,

malicious, oppressive, and reckless and are of such nature that punitive damages should be imposed in the amount commiserate with the wrongful acts alleged herein.

      WHEREFORE, Plaintiffs pray this Court:

A.      Enter judgment in favor of Plaintiffs and against Defendants Evans, McLaughlan and Slatton;

B.      Award Plaintiffs compensatory damages and damages for aggravating circumstances against Defendants Evans, McLaughlan and Slatton;

C.      Award Plaintiffs punitive damages;

D.      Award Plaintiffs reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

E.      Allow such other relief as the Court deems just and proper including but not limited to lost wages; lost earning capacity; medical expenses and future medical expenses.

## COUNT 2:
**Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983
(Failure to Implement Appropriate Policies, Customs, and
Practices and Failure to Train, Supervise and Retain)
Against Defendant City**

50.    Plaintiffs hereby incorporate by reference the allegations made in each preceding paragraph as if each were set forth herein.

51.    From the time Mr. Vetsch was in custody, his constitutional rights were deliberately disregarded and violated resulting in injury.

52.    A reasonable officer in Defendants Evans, McLaughlan or Slatton's position would have understood that unlawfully arresting, using excessive force and injuring Mr. Vetsch while handcuffed in their care, custody and control violated his constitutional rights.

53.    Defendant City's policy, custom and/or practice resulted in deprivation of Mr.

Vetsch's constitutional violations.

54. Defendant City failed to properly train or modify its training to Defendants Evans, McLaughlan or Slatton and its other officers, including but not limited to, matters related to lawful arrests, the reasonable and appropriate use of force during such arrests, proper handcuffing and intervention in the excessive use of force by fellow officers.

55. Effectuating an arrest, using force to effectuate an arrest, and intervening in the use of force is a usual and recurring situation with which Defendant City's law enforcement officers and other agents encounter on a regular basis.

56. With deliberate indifference to the rights of citizens, Defendant City failed to provide adequate training to its officers and/or personnel.

57. Defendant City was aware that deprivation of the constitutional rights of citizens was likely to result from its lack of training and the failure to modify its training.

58. As such, Defendant City was deliberately indifferent and exhibited reckless disregard with respect to the potential violation of constitutional rights.

59. The failure to train and/or to appropriately modify training constituted official Defendant City's policies, practices, or customs.

60. Defendant City's failure to train and/or to modify training was behind the acts and omissions Defendants Evans, McLaughlan or Slatton made toward Mr. Vetsch.

61. Defendant City's failure to have an adequate policy, custom and/or practice resulted in the violation of Mr. Vetsch's constitutional rights.

62. Defendant City developed and maintained policies, customs and practices exhibiting deliberate indifference to Mr. Vetsch's constitutional rights.

63. Alternatively, Defendant City failed to have adequate policies, customs, and practices to protect an arrestee/detainee's constitutional rights.

64. Defendant City developed policies, customs, and practices violating Mr. Vetsch's constitutional rights in unlawfully arresting, and failing to properly provide for his safety.

65. Defendant City failed to train, supervise, and retain staff on the rights of an arrestee/detainee, thereby demonstrating a deliberate indifference to Mr. Vetsch.

66. This failure to train amounts to a deliberate indifference to the rights of persons whom Defendant City's personnel come into contact with, including Mr. Vetsch.

67. Upon information and belief, Defendant City appointed officers and/or personnel, who were not licensed and/or adequately trained professionals, to properly arrest, handcuff and handle individuals in their care, custody and control, including Mr. Vetsch.

68. Upon information and belief, Defendants Evans, McLaughlan or Slatton were inadequately trained and supervised by Defendant City.

69. On April 1, 2022, Mr. Vetsch was under the care, custody, and control of Defendants Evans and McLaughlan, during which time, and at all times, he was unlawfully arrested, a fact which Defendant City, through its agents and employees knew, and injured.

70. Defendant City implicitly or explicitly adopted and implemented policies, customs, or practices that included, among other things, allowing officers and/or personnel with no or inadequate training to use excessive force including but not limited to unlawful arrests, improper handcuffing/restraint, which policies, customs, or practices reflected a deliberate indifference to Mr. Vetsch.

71. The failure of Defendant City to implement policies and procedures amounts to deliberate indifference to Mr. Vetsch.

72. At the time of the above-described events, it was the custom or policy of Defendant City to inadequately supervise and train its officers and/or personnel, thereby evidencing a deliberate indifference to Mr. Vetsch's constitutional rights.

73. The need for training on the rights of detainees is obvious, and the lack of training was so inadequate that it was likely to result in violating the rights of individuals, including Mr. Vetsch.

74. Defendant City's failure to supervise officers and/or personnel constituted a tacit authorization of the offensive acts.

75. In committing the acts complained of herein, Defendant City acted under color of State law to show deliberate indifference in the use of excessive force and in deprivation of Mr. Vetsch's rights under the Due Process Clause of the 14th Amendment of the United States Constitution.

76. As a direct and proximate result of the violation of Mr. Vetsch's constitutional rights by Defendant City, Plaintiffs suffered general and special damages as alleged in the Complaint and is herein entitled to relief under 42. U.S.C. §1983.

77. The conduct of the Defendant City was willful, malicious, oppressive, and reckless and are of such nature that punitive damages should be imposed in the amount commiserate with the wrongful acts alleged herein.

WHEREFORE, Plaintiffs pray this court:

A. Enter judgment in favor of Plaintiffs and against Defendant City;

B. Award Plaintiffs compensatory damages and damages for aggravating circumstances against Defendant City;

C. Award Plaintiffs punitive damages;

D. Award Plaintiffs reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

E. Allow such other relief as the Court deems just and proper including but not limited to lost wages; lost earning capacity; medical expenses and

future medical expenses.

### COUNT 3:
### Negligence
### Against Defendants Evans,
### McLaughlan and Slatton

77.     Plaintiffs hereby incorporate by reference the allegations made in each preceding paragraph as if each were set forth herein.

78.     Defendants Evans, McLaughlan or Slatton owe a duty to make a lawful arrests of individuals, including Mr. Vetsch.

79.     Defendant Slatton breached his duty of care in his confirmation that Mr. Vetsch could be arrested for the warrant applications when in fact, he could not lawfully be arrested on warrant applications.

80.     Defendants Evans and McLaughlan breached their duty of care in their use of excessive force in the unlawful arrest of Mr. Vetsch and allowing him to be dropped on the concrete street curb while handcuffed in their care, custody and control severely injuring himself.

81.     As a direct and proximate result of the aforementioned negligence of Defendants Evans, McLaughlan or Slatton, Plaintiffs were injured and caused to suffer conscious pain and suffering.

82.     Plaintiffs suffered physical and mental pain which is an item of damage to be considered and awarded.

83.     Defendants Evans, McLaughlan or Slatton's conduct in this case, as set forth in the Complaint constitutes aggravating circumstances within the meaning of the laws of the State of Missouri. Furthermore, this conduct was undertaken with knowledge that such conduct produced a high degree of probability of injury to Plaintiffs, or others similarly situated, and was done with such reckless or callous indifference and conscious disregard

for safety of others so that public policy requires punishment through the form of aggravating circumstances.

WHEREFORE, Plaintiffs pray for judgment against Defendants Evans, McLaughlan or Slatton, for damages, including prejudgment interest, in a fair and reasonable sum in excess of $75,000.00, his costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

### COUNT IV:
### Loss of Consortium
### Against Defendants

84. Plaintiff Brenda K. Vetsch realleges and restates all preceding paragraphs and incorporates each of said paragraphs herein by reference.

85. As a direct and proximate result of the aforementioned conduct of Defendants and the resulting severe, permanent and progressive injuries to Mr. Vetsch, plaintiff Brenda K. Vetsch sustained the loss of Mr. Vetsch's consortium, society, companionship, comfort, protection, care, attention, advice and counsel and guidance; loss of financial support; loss of services; and has incurred medical expenses, which will continue to be incurred in the future.

WHEREFORE, plaintiff Brenda K. Vetsch respectfully requests that this Court enter judgment jointly and severally against defendants and for a reasonably sum of money for damages as will fairly and justly compensate Plaintiffs for their costs expended herein, pre- and post-judgment interest and for such other relief as the Court may deem just and proper under the circumstances.

### INJURIES AND DAMAGES

81. Plaintiffs hereby incorporate by reference the allegations made in each preceding paragraph as if each were set forth herein.

82. As a direct and proximate result of the deliberate indifference to Mr. Vetsch, Plaintiffs suffered great physical pain and mental anguish as a result of his injuries.

83. As a direct and proximate result of the Defendants' deliberate indifference to Plaintiffs, they suffered injuries and with it the loss of income, future earning capacity and enjoyment of life.

84. Plaintiffs are entitled to recover punitive damages from the Defendants for their intentional, willful, and malicious acts and/or omissions which constituted a deliberate indifference to Mr. Vetsch in violation of his civil rights pursuant to 42 U.S.C. § 1983 by Defendants.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial by jury on all of the above issues, costs herein incurred, fees where appropriate, and for such relief as is deemed appropriate by the Court.

Respectfully submitted,

**NORTH KC LAW**
*/s/ Jonathan Buschmann*
Jonathan Buschmann, #56804
1236 Swift Avenue
North Kansas City, MO 64116
Phone: (816) 472-4440
Fax:    (816) 472-4442
jonathan@northkclaw.com

and

**LAUREN ALLEN, LLC**
*/s/ Lauren Perkins Allen*
Lauren Perkins Allen, #49845
4717 Grand Avenue, Suite 130
Kansas City, Missouri 64112
T:  816.877.8120
F:  816.817.1120
Email:  lpa@laurenallenllc.com
**ATTORNEYS FOR PLAINTIFFS**